UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

MICHAEL L. WILSON,

    Plaintiff,

v.                                CAUSE NO. 3:19-CV-1194-DRL-MGG

GEORGE PAIN and M. SLANIKA,

    Defendants.

OPINION & ORDER

Michael L. Wilson, a prisoner without a lawyer, filed a complaint seeking monetary compensation because his religious property was confiscated at the Indiana State Prison. "A document filed *pro se* is to be liberally construed, and a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (quotation marks and citations omitted). Under 28 U.S.C. § 1915A, the court still must review the merits of a prisoner complaint and dismiss it if the action is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief against an immune defendant.

Mr. Wilson alleges Assistant Warden George Pain ordered Correctional Officer M. Slanika to take his "fez, Moorish America literature, Holy Qur'an, prayer rug, prayer oil, and all religious jewelry" on September 6, 2019. ECF 1 at 2. He alleges these items have not been returned. He doesn't say he is prevented from obtaining replacements or having similar religious items today if he can get them. The Religious Land Use and Institutionalized Persons Act (RLUIPA), 42 U.S.C. § 2000cc-1 *et seq.*, provides broad protestations for the free exercise of religion, but it only provides for injunctive relief, not monetary damages. *Sossamon v. Texas*, 563 U.S. 277, 285 (2011). Because Mr. Wilson does not have a claim for injunctive relief and only seeks monetary damages, he does not have a RLUIPA claim.

However, prisoners also have a right to exercise their religion under the Free Exercise Clause of the First Amendment. *Vinning-El v. Evans*, 657 F.3d 591, 592-93 (7th Cir. 2011). Monetary damages are available for violations of the First Amendment, although restrictions that limit the exercise of religion are permissible if they are reasonably related to legitimate penological objectives, which include safety, security, and economic concerns. *Turner v. Safley*, 482 U.S. 78, 89-91 (1987). Here, the complaint plausibly alleges that there were no legitimate penological objectives for preventing Mr. Wilson from having his religious property. He states a First Amendment claim against Assistant Warden Pain and Officer Slanika.

Mr. Wilson also names Warden Ron Neal as a defendant. However, he does not mention Warden Neal in the body of the complaint or otherwise explain how he was involved with these events. There is no general *respondeat superior* liability under 42 U.S.C. § 1983. "Only persons who cause or participate in the violations are responsible." *George v. Smith*, 507 F.3d 605, 609 (7th Cir. 2007). "[P]ublic employees are responsible for their own misdeeds but not for anyone else's." *Burks v. Raemisch*, 555 F.3d 592, 596 (7th Cir. 2009). Warden Neal must be dismissed.

For these reasons, the court:

(1) GRANTS Michael L. Wilson leave to proceed against Assistant Warden George Pain and Correctional Officer M. Slanika in their individual capacity for monetary damages for taking his fez, Moorish America literature, Holy Qur'an, prayer rug, prayer oil, and religious jewelry on September 6, 2019 in violation of the First Amendment;

(2) DISMISSES all other claims;

(3) DISMISSES Warden Ron Neal;

(4) DIRECTS the clerk to request Waiver of Service from (and if necessary the United States Marshals Service to serve process on) Assistant Warden George Pain and Correctional Officer M.

Slanika at the Indiana Department of Correction with a copy of this order and the complaint (ECF 1), pursuant to 28 U.S.C. § 1915(d);

(5) ORDERS the Indiana Department of Correction to provide the United States Marshal Service with the full name, date of birth, social security number, last employment date, work location, and last known home address of any defendant who does not waive service if it has such information; and

(6) ORDERS, pursuant to 42 U.S.C. § 1997e(g)(2), Assistant Warden George Pain and Correctional Officer M. Slanika to respond, as provided for in the Federal Rules of Civil Procedure and N.D. Ind. L.R. 10-1(b), only to the claims for which the plaintiff has been granted leave to proceed in this screening order.

SO ORDERED.

September 18, 2020                  *s/ Damon R. Leichty*
                                                         Judge, United States District Court