UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

MICHAEL L. WILSON,

    Plaintiff,

v.                                  CAUSE NO. 3:19-CV-1194 DRL-MGG

GEORGE PAIN and M. SLANIKA,

    Defendants.

## OPINION AND ORDER

Michael L. Wilson, a prisoner without a lawyer, is proceeding in this case "against Assistant Warden George Pain and Correctional Officer M. Slanika in their individual capacity for monetary damages for taking his fez, Moorish America literature, Holy Qur'an, prayer rug, prayer oil, and religious jewelry on September 6, 2019 in violation of the First Amendment." ECF 5 at 2. On January 11, 2021, the defendants filed a summary judgment motion arguing Mr. Wilson did not exhaust his administrative remedies before filing suit. ECF 14. With the motion, the defendants provided Mr. Wilson the notice required by N.D. Ind. L.R. 56-1(f). ECF 16. Attached to the notice was a copy of Federal Rule of Civil Procedure 56 and Northern District of Indiana Local Rule 56-1.

Pursuant to Local Rule 56-1(b)(1), "[a] party opposing [a summary judgment] motion must, within 28 days after the movant serves the motion, file and serve (A) a response brief; and (B) any materials that the party contends raise a genuine dispute." Because the motion was served by mail, Fed. R. Civ. P. 6(d) provided Mr. Wilson an additional three days. Therefore, the deadline for filing a response was February 4, 2021.

The deadline passed more than a month ago, but Mr. Wilson has not responded. Therefore, the court will now rule on the motion.

Summary judgment must be granted when "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Federal Rule of Civil Procedure 56(a). A genuine issue of material fact exists when "the evidence is such that a reasonable [factfinder] could [find] for the nonmoving party." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). To determine whether a genuine issue of material fact exists, the court must construe all facts in the light most favorable to the non-moving party and draw all reasonable inferences in that party's favor. *Heft v. Moore*, 351 F.3d 278, 282 (7th Cir. 2003). However, a party opposing a properly supported summary judgment motion may not rely merely on allegations or denials in its own pleading, but rather must "marshal and present the court with the evidence she contends will prove her case." *Goodman v. Nat'l Sec. Agency, Inc.*, 621 F.3d 651, 654 (7th Cir. 2010). "[I]nferences relying on mere speculation or conjecture will not suffice." *Trade Fin. Partners, LLC v. AAR Corp.*, 573 F.3d 401, 407 (7th Cir. 2009). Summary judgment "is the put up or shut up moment in a lawsuit . . . ." *Springer v. Durflinger*, 518 F.3d 479, 484 (7th Cir. 2008).

"If a party . . . fails to properly address another party's assertion of fact as required by Rule 56(c), the court may . . . consider the fact undisputed for purposes of the motion." Fed. R. Civ. P. 56(e). Because Mr. Wilson has not responded to the defendants' summary judgment motion, he has not properly addressed their assertions of fact and the court accepts these facts as undisputed:

1. At all times relevant to his complaint, Plaintiff was incarcerated at ISP. [ECF 1 at 1].

2. According to the complaint, on September 6, 2019, Deputy Warden Pain ordered Officer Slanika to take his religious items. [ECF 5 at 1 ¶ 2].

3. According to the complaint, on September 6, 2019, Officer Slanika took his religious items. [ECF 5 at 1 ¶ 2].

4. At all times relevant to the complaint, ISP had a grievance program as required under IDOC policy. [ECF 14-1 at ¶ 6].

5. The applicable Offender Grievance Process, Policy and Procedure 00-02-301 ("Offender Grievance Process"), was in effect from October 1, 2017 through April 1, 2020. [ECF 14-1 at ¶ 9; ECF 14-2].

6. The Offender Grievance Process requires offenders to complete three steps before filing a lawsuit. [ECF 14-1 at ¶ 10; ECF 14-2 at 3]. The three steps are as follows:

(1) A formal attempt to solve a problem or concern following unsuccessful attempts at informal resolutions;

(2) a written appeal to the Warden or his designee; and

(3) a written appeal to the Department Grievance Manager.

[ECF 14-1 at ¶ 10; ECF 14-2 at 3).

7. Successful exhaustion of the Offender Grievance Process requires an offender to timely complete all three steps. [ECF 14-1 at ¶ 10; ECF 14-2 at 3].

8. Offenders are made aware of the Offender Grievance Process during orientation and have continual access to the policy in the facility law library. [ECF 14-1 at ¶ 11].

9. Any grievances an offender may have concerning the "actions of individual staff" or "any other concerns relating to the conditions of care or supervision within the Department," can and must be grieved according to the procedures in the Offender Grievance Process. [ECF 14-1 at ¶ 13;[1] ECF 14-2 at 3].

10. Because Plaintiff's claims against Defendants concern the "actions of individual staff" or other concerns regarding his care or supervision while at ISP, Plaintiff was required to grieve his claims in accordance with the Offender Grievance Process. [ECF 14-1 at ¶ 12; ECF 14-2 at 3].

11. Each properly submitted Offender Grievance received at ISP is logged electronically, as outlined in the Offender Grievance Process. [ECF 14-1 at ¶ 18; ECF 14-2 at 10].

12. Plaintiff's History of Grievances indicates that he has no properly filed grievances since 2013. [ECF 14-3].

---

[1] This citation should be ECF 14-1 ¶ 12.

3

      13. On December 5, 2019, Plaintiff submitted a grievance regarding the incident that allegedly occurred on September 6, 2019. [ECF 14-4].²

      14. According to the Offender Grievance Process, the deadline to grieve the September 6, 2019 incident was September 20, 2019. [ECF 14-2 at 9].

      14. ISP's Grievance Specialist rejected that grievance as untimely and outside the time limits set out in the Offender Grievance Process. [ECF 14-4].³

      15. Plaintiff filed his complaint on December 23, 2019. [ECF 1].

ECF 15 at 2-3 (brackets and two paragraph 14's in original).

Prisoners are prohibited from bringing an action in federal court with respect to prison conditions "until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a). "[A] suit filed by a prisoner before administrative remedies have been exhausted *must* be dismissed; the district court lacks discretion to resolve the claim on the merits, even if the prisoner exhausts intra-prison remedies before judgment." *Perez v. Wisconsin Dep't of Corr.*, 182 F.3d 532, 535 (7th Cir. 1999) (emphasis added). Nevertheless, "[f]ailure to exhaust is an affirmative defense that a defendant has the burden of proving." *King v. McCarty*, 781 F.3d 889, 893 (7th Cir. 2015). The Seventh Circuit has taken a "strict compliance approach to exhaustion." *Dole v. Chandler*, 438 F.3d 804, 809 (7th Cir. 2006). Thus, "[t]o exhaust remedies, a prisoner must file complaints and appeals in the

---

² The grievance is dated September 6, 2019. ECF 14-4 at 1. However, because Mr. Wilson did not submit any evidence in opposition, the court accepts as an undisputed fact that he filed it on December 5, 2019.

³ If Mr. Wilson had filed the grievance on September 6, 2019, as dated, the Return of Grievance notified him he could "re-submit this form within five (5) business days" if he believed it had been delayed through no fault of his own. Because there is no evidence he re-submitted the form nor that it's delivery was delayed, the court accepts as an undisputed fact that his grievance was properly rejected as untimely.

place, and at the time, the prison's administrative rules require." *Pozo v. McCaughtry*, 286 F.3d 1022, 1025 (7th Cir. 2002).

Here, the undisputed facts show the claims raised in this lawsuit were grievable. They show Mr. Wilson filed a formal grievance about these issues, but it was properly rejected as untimely. As a result, Mr. Wilson did not exhaust the available administrative remedies before he filed this lawsuit. Summary judgment must be granted.

For these reasons, the court:

(1) GRANTS the summary judgment motion (ECF 14);

(2) DISMISSES this case WITHOUT PREJUDICE; and

(3) DIRECTS the clerk to enter judgment in favor of the defendants and against the plaintiff.

SO ORDERED.

March 11, 2021                              *s/ Damon R. Leichty*
                                            Judge, United States District Court